UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-CV-169-KSF

CAREY PORTMAN                                                      PLAINTIFF

VS:               **MEMORANDUM OPINION AND ORDER**

ERIC WILSON, *et al.*                                             DEFENDANTS

Plaintiff Carey Portman, proceeding *pro se*, has filed a motion, R. 13, seeking reconsideration of the Memorandum Opinion and Order ("the Opinion and Order") of July 19, 2010. For the reasons set forth below, Portman's motion will be denied.

## BACKGROUND

On May 21, 2010, Portman filed a *pro se* civil rights Complaint asserting claims under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). R. 2. Portman alleged that Bureau of Prisons ("BOP") officials employed at the Metropolitan Correctional Center located in Chicago, Illinois ("MCC-Chicago"), and various BOP officials employed at the Federal Medical Center located in Lexington, Kentucky ("FMC-Lexington") violated his constitutional rights.

On July 19, 2010, the Court entered the Opinion and Order dismissing all official capacity claims against all named federal defendants; dismissing some claims against the FMC-Lexington defendants as time-barred; dismissing claims against two other defendants, Paul Harvey and Eric Wilson, based upon jurisdictional and venue considerations; and dismissing some FMC-

Lexington condition of confinement claims, such as claims alleging verbal abuse, as facially frivolous. *See* R. 7, pp. 16-17. The Court ordered numerous FMC-Lexington defendants to respond to more recent individual capacity claims asserted against them. *Id.*, pp. 17- 20.[1]

In his motion for reconsideration, Portman lists the following reasons why the Opinion and Order should be set aside: (1) his deteriorated medical condition prevented him from taking proper legal action challenging the conditions of his confinement at MCC-Chicago; (2) the denial of proper medical treatment at various prisons has prevented him from taking proper legal action challenging the conditions of his confinement at MCC-Chicago and FMC-Lexington; (3) his numerous transfers over the past few years hindered his ability to challenge the conditions of his confinement at MCC-Chicago and FMC-Lexington; and (4) prison officials denied him necessary administrative supplies and legal resources with which to file legal actions challenging the conditions of his confinement at MCC-Chicago and FMC-Lexington.

While Portman's motion is somewhat convoluted and repetitive, his primary argument appears to be that his older FMC-Lexington conditions of confinement claims, dismissed as time-barred, should not have been dismissed on that basis, and that under the doctrine of equitable tolling, those claims should be allowed to proceed.

## DISCUSSION

The Federal Rules of Civil Procedure do not expressly provide for "Motions for Reconsideration." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F.App'x 949,

---

[1] The Court will not reiterate here its outline and discussion of Portman's numerous constitutional claims, as they are set forth in detail in the Opinion and Order.

2

959 (6th Cir. 2004). Nevertheless, a district court possesses authority and discretion to reconsider and modify its interlocutory orders at any time before final judgment. *Leelanau Wine Cellars Ltd. v. Black & Red, Inc.*, 118 Fed. Appx. 942, 946 (6th Cir. 2004).

By analogy, courts use the criteria of Rule 59(e) when assessing whether reconsideration of an interlocutory order is proper. *See Rodriguez*, 89 F. App'x at 959. A district court may alter a judgment under Rule 59(e) "if the moving party demonstrates: (1) a clear error of law; (2) new discovered evidence that was not previously available to the parties: or (3) an intervening change in controlling law." *Owner-Op. Indep. Drivers Ass'n v. Arctic Express*, 288 F. Supp. 2d 895, 900 (S. D. Ohio 2003)(citing *Gen Corp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)); *Braxton v. Scott*, 905 F. Supp. 455 (N.D. Ohio 1995).

The Court finds no reason to modify the Opinion and Order as to Portman's conditions of confinement claims that accrued at FMC-Lexington between late 2007 and February 2008, and November 7, 2008, and January 15, 2009. Those claims are clearly time-barred, and Portman asserts no valid reasons for applying the doctrine of equitable tolling. That doctrine is applicable "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control," and courts must use the doctrine sparingly. *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)).

The five factors to consider when determining whether to toll an applicable statute of limitations are: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the

3

defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Id*., at 560-61 (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). This list is not exhaustive, and the "propriety of equitable tolling must necessarily be determined on a case-by-case basis." *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998).

Portman broadly claims that his placement in the Segregated Housing Unit at FMC-Lexington, and the bodily injuries he sustained in September 2008, after being assaulted by inmate Eric Walker, prevented him from filing an action. However, those broad allegations do not satisfy the precise criteria required under the equitable tolling doctrine.

Portman's other reasons for failing to file suit on the time-barred claims, *i.e.*, limitations on his access to legal resources and administrative supplies, also do not justify equitable tolling. It is well settled that the lack of legal assistance, ignorance of the law or the frustrations of typical prison conditions that make prison-based litigation difficult, such as transfers, lack of access to copies and legal materials, do not constitute exceptional circumstances justifying equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Price v. Jamrog*, 79 F. App'x 110, 112 (6th Cir. 2003) (same); *Holloway v. Jones*, 166 F. Supp.2d 1185, 1189 (E. D. Mich.2001) ("Claims that a petitioner did not have professional legal assistance are not an extraordinary circumstance which would toll the statute of limitations."); *Menefee v. Barnhart*, No. 09-CV-10605, 2009 WL 3465148 at * 3 (E.D. Mich. Oct. 23, 2009) (lack of training in the law, failure to obtain legal assistance or lack of awareness of the filing period limitation does not warrant tolling); *Boldiszar v. Prelesnik*, No. 08-CV-10965, 2009 WL 1956931, at * 3 (E. D. Mich. July 8, 2009) (limited access to the law

4

library, a typewriter and copies, typical conditions of prison life, do not constitute exceptional circumstances which justify equitable tolling); *Smith v. Booker*, No. 2:08-CV-12830, 2009 WL 4030915, at *2 (E. D. Mich. November 20, 2009) ( frequent transfers did not constitute unusual prison conditions precluding prisoner from filing petition in a timely manner).

Next, Portman alleges that he thought he had timely asserted those specific claims by filing a civil suit on September 10, 2009, in the Northern District of Illinois, Chicago Division. *Portman v. Federal Bureau of Prisons*, No. 09-CV-5616 (N.D. Ill.) ("the Northern District of Illinois Action"). That court dismissed those particular claims without prejudice on March 26, 2010. However, as explained in the Opinion and Order, the filing of a complaint which is later dismissed without prejudice does not toll the statute of limitations. *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987). A dismissal without prejudice "leaves the situation the same as if the suit had never been brought . . ." *Id*. (citing *Bomer v. Ribicoff*, 304 F.2d 427 (6th Cir.1962)).

Nothing in the Northern District of Illinois Action suggests that Portman was mislead by anyone in that district as to the status of any claim. In the docket entry of March 26, 2010, the Judge in the Northern District of Illinois Action clearly explained to Portman why his FMC-Lexington claims were being dismissed in that action.

None of Portman's proffered reasons for his delay in filing suit on his older FMC-Lexington conditions of confinement claims warrant equitably tolling the one-year statute of limitations. His failure to timely assert his older FMC-Lexington conditions of confinement

claims was his own fault, not the fault of others. Further, the Court finds no basis for modifying any other aspect of the Opinion and Order.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Plaintiff Carey Portman's "Motion for Reconsideration," R. 13, is **OVERRULED AND DENIED**.

(2) The Clerk of the Court is directed to send copies of this Memorandum Opinion and Order to Portman at the following addresses: (a) the return address Portman listed in his motion, R. 13 (being MDC- Brooklyn, P.O. Box 329002, Brooklyn, N.Y. 11232) and (b) his address as listed in the "Inmate Locator" feature of the Bureau of Prisons website, www.bop.gov, (being Miami-FCI, P.O. Box 779800, Miami Florida, 33177).

This December 1, 2010.



Signed By:

*Karl S. Forester* KSF

**United States Senior Judge**